E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02983-S4**
**4/16/2021 2:07 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Oliviah Constable**

CIVIL ACTION
NUMBER: **21-C-02983-S4**

PLAINTIFF

VS.

**Bayerische Motoren Werke AG, BMW of**

**North America, LLC, BMW Manufacturing, Co**

**LLC, and John Does 1 - 5**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

ANDREW B. CASH
Cash, Krugler & Fredericks, LLC
5447 Roswell Road, NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**16TH**_____ day of _____**APRIL**_____, 20__**21**__.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02983-S4**

**4/16/2021 2:07 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| OLIVIAH CONSTABLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. **21-C-02983-S4** |
| BAYERISCHE MOTOREN WERKE AG, | ) | |
| BMW OF NORTH AMERICA, LLC, BMW | ) | **JURY TRIAL DEMANDED** |
| MANUFACTURING CO., LLC, and JOHN | ) | |
| DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Oliviah Constable (hereinafter "Plaintiff"), and files this Complaint for Damages against Defendants Bayerische Motoren Werke AG, BMW of North America, LLC, BMW Manufacturing Co., LLC, and John Does 1-5, and respectfully shows this honorable Court the following:

### **PREAMBLE**

Early on April 23, 2019, Plaintiff was the passenger in a 2013 BMW 328i, Vehicle Identification Number (VIN) WBA3A5C54DF358491 ("subject BMW" or "subject vehicle"), with the vehicle being driven by Paul Acosta, Jr. Plaintiff and Mr. Acosta were traveling on Jennings Mill Road in Athens-Clarke County, Georgia, when Mr. Acosta lost control of the subject vehicle in a curve and subsequently left the roadway, at which point the subject vehicle began to roll. As the subject vehicle rolled, the passenger door improperly flew open and the seatbelt Plaintiff was wearing failed, resulting in the Plaintiff being thrown from the subject vehicle. As a result of the failures of both the front-passenger door and seatbelt, among potential

failures of other safety-related systems of the subject vehicle, plaintiff suffered serious and permanent injuries.

## PARTIES

1.

Plaintiff is a citizen and resident of Fulton County, Georgia.

2.

Defendant Bayerische Motoren Werke AG ("BMW AG"), is German holding company and automobile manufacturer with its principal place of business located at Petuelring 130, 80809 Munich, Germany.  BMW AG is not registered to do business in the State of Georgia. BMW AG, together with its subsidiaries, including, but not limited to, BMW of North America, LLC, develops, designs, manufactures, and sells motor vehicles, including the subject vehicle, worldwide, including in the State of Georgia.  BMW AG has been directly involved in the safety investigation and determinations made as to the motor vehicle safety issues arising from the defective and unreasonably dangerous condition of certain BMW brand vehicles it designs, manufactures and distributes for sale to the consuming public, including the subject vehicle.

3.

Defendant BMW AG may be served either by accepting service of process or by service of Summons and Complaint at Petuelring 130, 80809 Munich, Germany, pursuant to the terms of The Convention on The Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention, of which Germany is a signatory.

4.

Defendant BMW of North America, LLC ("BMW NA") is a Deleware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. Defendant BMW NA is a subsidiary of Defendant BMW AG and is registered to do business in Georgia with the Georgia Secretary of State. Defendant BMW NA imports, designs, manufactures, assembles, tests, markets, promotes, advertises, distributes and sells BMW AG and/or BMW brand cars, trucks, and sport utility vehicles in the United States, including the subject vehicle. BMW NA has been directly involved in the safety investigation and determinations made as to the motor vehicle safety issues arising from the defective and unreasonably dangerous condition of certain BMW brand vehicles it designs, manufactures and distributes for sale to the consuming public, including the subject vehicle.

5.

Defendant BMW NA may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-480540.

6.

Defendant BMW Manufacturing Co., LLC ("BMW Manufacturing") is a Delaware limited liability company with its principal place of business at 1400 Highway 101 South, Greer, SC 29651. BMW Manufacturing is a subsidiary of BMW AG and is not registered to do business in Georgia with the Georgia Secretary of State. BMW Manufacturing imports, designs, manufactures, assembles, tests, markets, promotes, advertises, distributes and sells BMW AG and/or BMW brand cars, trucks, and sport utility vehicles in the United States, including the subject vehicle. BMW Manufacturing has been directly involved in the safety investigation and determinations made as to the motor vehicle safety issues arising from the defective and

3

unreasonably dangerous condition of certain BMW brand vehicles it designs, manufactures and distributes for sale to the consuming public, including the subject vehicle.

7.

Defendant BMW Manufacturing may be served through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

8.

Unless otherwise specified, defendants BMW AG, BMW NA, and BMW Manufacturing are collectively referred to herein as "BMW Defendants" or "BMW."

9.

The true name(s) of the Defendant(s) John Does 1-5 are unknown to Plaintiff. Therefore, Plaintiff sues these Defendant(s) by its fictitious names. Plaintiff will amend her Complaint to identify the true name of the John Doe Defendant(s) when the name(s) has been ascertained. Plaintiff alleges upon information and belief that John Does 1-5 are potential suppliers of defective components, who are currently unknown.

## JURISDICTION & VENUE

10.

This Court has jurisdiction over the parties to this action.

11.

This Court has jurisdiction over the subject matter of this action.

12.

BMW Defendants are subject to the jurisdiction of this Court because they transact business in this state and in Gwinnett County. BMW Defendants are also subject to jurisdiction in this Court because they regularly do and solicit business, engage in persistent course of

conduct, and derive substantial revenue from goods used or consumed or services rendered in this state and Gwinnett County.

13.

On information and belief, BMW Defendants placed their defective products in the stream of commerce knowing or having reason to know that they would be sold, used and pose unreasonable risks of bodily injury to consumers and occupants in the State of Georgia, for which BMW Defendants are liable.

14.

On information and belief, BMW Defendants committed certain tortious acts and omissions in the State of Georgia with respect to the design, manufacture, sale, distribution, labeling and/or marketing of their products, which acts and omissions proximately caused injury and damage to Plaintiff in Georgia, for which BMW Defendants are liable.

15.

On information and belief, the negligent and wrongful acts and omissions of the BMW Defendants, including the design, manufacturing, and warning decisions related to the subject vehicle, were committed and/or omitted jointly by the BMW Defendants.

16.

Defendant(s) John Does 1-5 are subject to the jurisdiction of this Court because they transact business in the state and maintain  registered agents in this state, regularly solicit business, engage in persistent course of conduct, and derive substantial revenue from goods used or consumed or services rendered in this state and in Gwinnett County.

17.

On information and belief, Defendant(s) John Does 1-5 placed their defective products in the stream of commerce knowing or having reason to know that they would be sold, used and pose unreasonable risks of bodily injury to consumers in the State of Georgia, for which Defendant(s) John Does 1-5 are liable.

18.

On information and belief, Defendant(s) John Does 1-5 committed certain tortious acts and omissions in the State of Georgia with respect to the design, manufacture, sale, distribution, labeling and/or marketing of their products, which acts and omissions proximately caused injury and damage to Plaintiff in Georgia, for which defendant Defendant(s) John Does 1-5 are liable.

19.

Each defendant (a) transacted business in the State of Georgia, including Gwinnett County; (b) committed a tortious act or omission within the state of Georgia; (c) committed a tortious injury in the State of Georgia caused by an act or omission outside this state and regularly did or solicited business, engaged in a persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in this state; and/or (d) assumed debts, obligations and liabilities committed by others who engaged in the conduct set forth above within the State of Georgia.

20.

BMW Defendants are each subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91.

21.

Defendant(s) John Does 1-5 are subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91.

22.

Venue is proper in this Court because one or more defendants reside in this County, and venue is proper pursuant to O.C.G.A. § 9-10-93 and O.C.G.A. § 14-2510(b)(1).

23.

Defendants have been properly served with process in this action.

## FACTS

24.

Early on April 23, 2019, Plaintiff was a seatbelted passenger in the front-passenger seat of a 2013 BMW 328i, Vehicle Identification Number (VIN) WBA3A5C54DF358491 ("subject BMW" or "subject vehicle"), with the vehicle being driven by Paul Acosta, Jr.

25.

Mr. Acosta was driving on Jennings Mill Road in Athens-Clarke County, Georgia, when Mr. Acosta lost control of the subject vehicle in a curve and the subject vehicle subsequently left the roadway and began to roll.

26.

As the subject vehicle began to roll, the passenger door failed to remain closed and flew open, and Plaintiff's seatbelt failed as well, resulting in the Plaintiff being thrown from the subject vehicle.

27.

On information and belief, the front-passenger door of the subject vehicle should have remained closed and/or locked as part of the vehicle's safety systems and safety-restraint systems, but failed to do so due to a failure with the door, the door locks, and/or the door retention components (hereinafter collectively referred to as "door").

28.

On information and belief, the front-passenger door of the subject vehicle should have remained closed, preventing Plaintiff from being thrown from the vehicle, as did the driver's door for Mr. Acosta.

29.

On information and belief, the front-passenger seatbelt should not have broken and failed due to a malfunction in the safety-restraint system and/or as a result of other failures within the subject vehicle.

30.

On information and belief, the front-passenger seatbelt of the subject vehicle should have restrained Plaintiff, preventing her from being thrown from the vehicle, as did the driver's seatbelt in restraining Mr. Acosta.

31.

Because the front-passenger door of the subject vehicle failed to remain closed, Plaintiff was thrown from the vehicle and suffered serious and permanent injuries.

32.

Because the front-passenger seatbelt of the subject vehicle broke and failed to restrain Plaintif, she was thrown from the vehicle and suffered serious and permanent injuries.

33.

The safety systems, including the safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt of the subject vehicle, catastrophically failed to provide any crash protection for Plaintiff.

34.

The safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt, as well as associated component parts, were defectively designed.

35.

The safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt, as well as associated component parts, were defectively manufactured.

36.

As a direct and proximate result of the defects noted above, Plaintiff suffered serious and permanent personal injuries, both physical and mental, including pain and suffering.

37.

The injuries sustained by Plaintiff, as described more fully herein, would not have occurred but for the defects present in the subject vehicle and its component parts when it entered the stream of commerce and at the time of the subject rollover collision, as those defects resulted in Plaintiff being thrown from the subject vehicle, suffering serious and permanent injuries.

38.

BMW Defendants designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce the subject vehicle. BMW Defendants are each liable for all the defects in both design and manufacturing, including, but not limited to, the front-passenger door and seatbelt and associated component parts, that caused or contributed to causing Plaintiff's injuries. At the time of the subject rollover collision, the subject vehicle and its component parts were in the same essential condition as they were at the time the vehicle left BMW Defendants' control.

39.

John Doe Defendants designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce certain component parts of the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt, installed in the subject vehicle. The John Doe Defendants are each liable for all the defective component parts, both in design and manufacturing, including, but not limited to, those component parts of the front-passenger door and seatbelt, that caused or contributed to causing Plaintiff's injuries.

40.

The subject vehicle, and more specifically the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt, were defective, unreasonably dangerous, and not fit for ordinary use when manufactured and at the time of the subject wreck because (a) BMW Defendants chose components and/or designs for the subject vehicle that were not reasonable, but were instead unreasonably dangerous, (b) the risks of those components and/or designs outweighed their utility, and (c) other alternative

10

components and/or designs that were safer, feasible, and available would have prevented Plaintiff's injuries, but were not chosen and used by the BMW Defendants.

41.

The subject vehicle, and more specifically the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt and associated component parts, were defective, unreasonably dangerous, and not fit for ordinary use when manufactured and at the time of the subject wreck because (a) John Doe Defendants built and sold to BMW Defendants designs and/or component parts that were not reasonable, but were instead unreasonably dangerous, (b) the risks of those components and/or designs outweighed their utility, and (c) other alternative components and/or designs that were safer, feasible, and available would have prevented these injuries, but were not provided to and sold by John Doe Defendants to BMW Defendants.

42.

The BMW Defendants were negligent in designing, manufacturing, using, and/or selling the subject vehicle with the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt, including all component parts, which the BMW Defendants caused to be installed in the subject vehicle.

43.

The John Doe Defendants were negligent in designing, manufacturing, using, and/or selling defective component parts of the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt, as sold to the BMW Defendants.

44.

Plaintiff's injuries were proximately caused by the aforesaid negligence of Defendants and by the aforesaid defective designs and manufacturing for which the Defendants are responsible.

45.

The BMW Defendants could and did reasonably foresee the occurrence of collisions such as the one described in this Complaint, including the possibility of a passenger, such as Plaintiff, being thrown from the subject vehicle.

46.

The John Doe Defendants could and did reasonably foresee the occurrence of collisions such as the one described in this Complaint, including the possibility of a passenger, such as Plaintiff, being thrown from the subject vehicle.

47.

The acts and omissions of all Defendants combined to proximately cause Plaintiff's injuries. Accordingly, all Defendants are liable for Plaintiff's injuries and damages.

## COUNT ONE

### (Strict Product Liability of BMW Defendants)

48.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

49.

The BMW Defendants are strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries she suffered because the risks inherent in the design and manufacturing of the systems and components in the subject vehicle, as previously described,

outweighed any utility of the chosen design, manufacturing, and/or components, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended. The defects in the subject vehicle include, but are not limited to, the following:

1) The safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt and associated component parts in the subject vehicle, were designed and manufactured by BMW Defendants or by BMW Defendants' suppliers according to BMW Defendants' specifications in such a manner that they failed to properly function and protect Plaintiff from serious injury during the subject collision.

2) The subject vehicle was not adequately tested by BMW Defendants to determine whether prospective owners, users and occupants of it would be exposed to an unreasonable risk of physical harm during rollover collisions because of the design, manufacturing, and/or components of the the safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt in the subject vehicle;

3) BMW Defendants knew, or should have known, from the testing that was performed on the subject vehicle and other vehicles with the same or similar safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, that these systems and component parts could fail to function properly in vehicle rollover collisions; and

4) BMW Defendants knew, or should have known, from other real world wrecks involving BMW vehicles and other vehicles with the same or similar safety

systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, that the subject systems and component parts as designed and manufactured could fail to perform properly in rollover collisions.

50.

The subject vehicle, its safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, and component parts were otherwise defectively designed and/or manufactured by BMW Defendants.

51.

In designing and manufacturing the subject vehicle, its safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, as well as the associated component parts, BMW Defendants failed to meet and comply with standards and regulations required of the motor-vehicle industry, including the Federal Motor Vehicle Safety Standards and regulations as issued by the National Highway Traffic Safety Administration.

52.

BMW Defendants failed to warn consumers, users, and passengers, including Plaintiff, of the substantial risks and hazards posed by the subject vehicle, including the risk that the safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, would not function properly and fail if involved in a rollover collision such as the subject collision.

53.

BMW Defendants are liable to Plaintiff for failing to adequately warn Plaintiff of the risks, dangers and defects associated with the subject vehicle.

54.

The defects of the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt in the subject vehicle, proximately caused the injuries, damages and losses that Plaintiff has suffered.

55.

Defendants are liable for the injuries and damages suffered by Plaintiff.

**COUNT TWO**

**(Negligence of BMW Defendants)**

56.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

57.

BMW Defendants, as product designers and manufacturers, owed a duty to the consuming and motoring public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

58.

At the time BMW Defendants designed, manufactured, marketed, distributed, and sold the subject vehicle, BMW Defendants could reasonably have foreseen and did, in fact, foresee the occurrence of rollover collisions such as the one described in this Complaint.

59.

The acts and/or omissions of BMW Defendants constitute negligence *per se*.

60.

BMW Defendants had actual or constructive knowledge of the substantial risks and hazards posed by the subject vehicle, including the risks described herein above, wherein the safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, fail thereby creating a risk of serious injury or death to those traveling in the vehicle.

61.

BMW Defendants knew or should have known that the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt in the subject vehicle,were defective and presented an unsafe condition for its occupants.

62.

BMW Defendants had a duty to disclose to consumers, users, and occupants, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject vehicle and its component parts, as described herein.

63.

BMW Defendants breached their duty to exercise reasonable care as described in the paragraphs set forth above.

64.

BMW Defendants were otherwise negligent.

65.

BMW Defendants' negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

66.

16

Defendants are liable for the injuries and damages suffered by Plaintiff.

## COUNT THREE

### (Strict Liability of the John Doe Defendants 1-5)

67.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

68.

The John Doe Defendants, who upon information and belief are suppliers of defective components in the subject vehicle, are strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design, manufacturing, and components of the safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt in the subject vehicle, outweighed any utility of the chosen design, manufacturing, and/or components thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.

69.

The subject vehicle, its safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, and component parts were otherwise defectively designed and/or manufactured by John Doe Defendants.

70.

In designing and manufacturing component parts of the subject vehicle, its safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, John Doe Defendants failed to meet and comply with standards and regulations required of the motor-vehicle industry, including the Federal Motor Vehicle Safety Standards and regulations as issued by the National Highway Traffic Safety Administration.

71.

John Doe Defendants failed to warn consumers, users, and passengers, including Plaintiff, of the substantial risks and hazards posed by the subject vehicle, including the risk that the safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, would not function properly and fail if involved in a rollover collision such as the subject collision.

72.

John Doe Defendants are liable to Plaintiff for failing to adequately warn Plaintiff of the risks, dangers and defects associated with the components provided and installed in the subject subject vehicle.

73.

The defects of the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt in the subject vehicle, proximately caused the injuries, damages and losses that Plaintiff has suffered.

74.

Defendants are liable for the injuries and damages suffered by Plaintiff.

## **COUNT FOUR**

### **(Negligence of the John Doe Defendants 1-5)**

75.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

76.

The John Doe Defendants, as product designers and manufacturers, owed a duty to the consuming and motoring public in general, and Plaintiff in particular, to exercise reasonable care

to design, test, manufacture, inspect, market, distribute, and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

77.

At the time the John Doe Defendants designed, manufactured, marketed, distributed, and sold the component parts to be installed in the subject vehicle, they could reasonably have foreseen and did, in fact, foresee the occurrence of rollover collisions such as the one described in this Complaint.

78.

The acts and/or omissions of John Doe Defendants constitute negligence *per se*.

79.

John Doe Defendants had actual or constructive knowledge of the substantial risks and hazards posed by the component parts of the subject vehicle, including the risks described herein above, wherein the safety systems and safety-restraint systems, including, but not limited to, the front-passenger door and seatbelt, fail thereby creating a risk of serious injury or death to those traveling in the vehicle.

80.

John Doe Defendants knew or should have known that the component parts of the safety systems and safety-restraint systems of the subject vehicle, including, but not limited to, the front-passenger door and seatbelt in the subject vehicle, were defective and presented an unsafe condition for drivers.

81.

John Doe Defendants had a duty to disclose to consumers, users, and occupants, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject vehicle and its component parts, as described herein.

82.

The John Doe Defendants breached their duty to exercise reasonable care as described in the paragraphs set forth above.

83.

John Doe Defendants were otherwise negligent.

84.

John Doe Defendants' negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

85.

Defendants are liable for the injuries and damages suffered by Plaintiff.

**DAMAGES & PRAYER FOR RELIEF**

86.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

87.

As a direct and proximate result of Defendants' wrongful acts and ommissions, as described herein, Plaintiff was thrown from the subject vehicle, suffering multiple serious and permanent injuries, including, but not limited to, multiple fractures to her spine with spinal cord injury, a traumatic brain injury with cranial bleeds, rib fractures, pulmonary injuries, and abdominal injuries requiring bowel resection.

88.

As a direct and proximate result of Defendants' wrongful acts and omissions, as described herein, Plaintiff suffered serious and permanent physical and emotional injuries and is entitled to recover damages from Defendants, jointly and severally, for her physical and emotional injuries, including past and future pain and suffering, in an amount determined by the enlightened conscience of the jury.

89.

As a direct and proximate result of Defendants' wrongful acts and omissions, as set forth herein, Plaintiff has required extensive medical care and treatment and will continue to require medical care and treatment, as well as other expenses to treat her injuries. Plaintiff is entitled to recover damages from Defendants, jointly and severally, for all past, present, and future medical and other expenses, in an amount to be proven at the trial of this case.

90.

As a direct and proximate result of Defendants' wrongful acts and omissions, as set forth herein, Plaintiff sustained loss of income in an amount to be proven at the trial of this case.

91.

Plaintiff seeks damages from Defendants to recover all elements of damages allowed by law for the claims alleged in this Complaint against Defendants.

WHEREFORE, Plaintiff prays for the following:

(a)     That process and summons issue as provided by law, requiring the Defendants to appear as provided by law to answer this Complaint;

(b)     That each Defendant be timely served with process as provided by law;

(c)     That Plaintiff have a trial by jury on all issues and claims;

(d)     That Plaintiff recover the damages set forth herein and all other expenses as

permitted under Georgia law;

(e)     That all costs be cast against the Defendants; and

(f)     For such other and further relief as the Court shall deem just and appropriate.

This 16th day of April, 2021.

CASH, KRUGLER & FREDERICKS, LLC

/s/ Andrew B. Cash
Andrew B. Cash
Georgia Bar No. 743459
Shane E. Bartlett
Georgia Bar No. 040551
**Counsel for Plaintiff**

5447 Roswell Road, NE
Atlanta, GA 30342
(404) 659-1710
(404) 264-1149 (fax)
acash@ckf.law
sbartlett@ckf.law