IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OLIVIAH TISONE,

    Plaintiff,

       v.

BAYERISCHE MOTOREN WERKE
AG, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-2148-TWT

**OPINION AND ORDER**

    This is a products liability action. It is before the Court on the Plaintiff's Motion to Dismiss Defendant BMW of North America, LLC ("BMW of NA") Without Prejudice and to Amend the Consolidated Pretrial Order [Doc. 82]. For the reasons set forth below, the Plaintiff's Motion to Dismiss and Amend [Doc. 82] is GRANTED.

### I.    Background

    This case arises from a car accident in which the Plaintiff Oliviah Tisone was ejected from the passenger seat of a 2013 BMW 328i after the passenger door opened as the car flipped and rolled several times. The Plaintiff brings defective design claims under negligence and strict products liability theories against the Defendants Bayerische Motoren Werke AG ("BMW AG") and BMW of NA (collectively, "BMW"). On July 27, 2023, the Court granted in part and denied in part BMW's Motion for Summary Judgment, narrowing the sole issue for trial to the Plaintiff's crash unlock system defect theory. (Doc. 76,

at 11). The Plaintiff now moves to dismiss the Defendant BMW of NA without prejudice pursuant to Federal Rule of Civil Procedure 15.

## II. Legal Standard

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mkgt. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

### III. Discussion

The Plaintiff moves to dismiss the Defendant BMW of NA, and in response, the Defendants request an interpretation of O.C.G.A. § 51-12-33(b). The Court begins with the Plaintiff's motion and then considers the Defendant's request for interpretation.

#### A. Dismissal of BMW of NA

The Plaintiff moves to dismiss the Defendant BMW of NA without prejudice and to amend the Consolidated Pretrial Order to reflect the dismissal. She claims that no prejudice to the Defendants will result because the Court had not (as of the time of the filing of the motion) entered the Consolidated Pretrial Order, nor had a trial date been set. (Pl.'s Mot. to Dismiss and Amend, at 1–2). In response, the Defendants object to the dismissal of BMW of NA as gamesmanship in an effort to avoid apportionment of fault to non-parties under O.C.G.A. § 51-12-33(b). (Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Dismiss, at 4). They claim that dismissal of BMW of NA at this stage would substantially prejudice them by precluding a major portion of their defense strategy—apportionment of fault to the non-party driver involved in the incident. (*Id.* at 4–5).

In reply, the Plaintiff returns the allegation of gamesmanship, agreeing that the Defendants' objection to the dismissal of one of their own is indeed odd. (Reply Br. in Supp. of Pl.'s Mot. to Dismiss and Amend, at 2–3). She notes that, under Georgia law, she has the right to elect which defendants she will

3

proceed against. (*Id.* at 4 (citing *Deaton Holdings, Inc. v. Reid*, 367 Ga. App. 746, 749 n.13 (2023))). And she argues that she has not acted in bad faith in seeking to narrow her claims for trial, nor will the Defendants be prejudiced by the dismissal of BMW of NA as a party to the case, because no additional preparation for trial will be required. (*Id.* at 4–6). She relies on two district court cases within Georgia in support of her position that "the inapplicability of apportionment is not prejudicial as contemplated by the law." (*Id.* at 7–9 (citing *Hunter v. United States*, 2021 WL 5494688 (S.D. Ga. Mar. 19, 2021), and *Daugherty v. YRC Inc.*, 2023 WL 3662684 (N.D. Ga. Mar. 17, 2023))).

The Court agrees with the Plaintiff that the inability to apportion fault to alleged joint tortfeasors is not the type of prejudice contemplated by Rule 15(a)(2) that would preclude amendment. *See Hunter*, 2021 WL 5494688, at *2 (finding "no support for the assertion . . . that allowing amendments which may require the application of state court decisions constitutes prejudice"). The Georgia Supreme Court has reiterated as much:

> Just because O.C.G.A. § 51-12-33(b) does not apply to cases with a single defendant does not mean that a single defendant is without a remedy against its joint tortfeasors. Where apportionment does not apply, joint tortfeasors who both proximately cause a single injury are jointly and severally liable for damages caused by the injury, and a tortfeasor may seek contribution from its joint tortfeasor(s).

*Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 356 n.2 (2021); *c.f. Daugherty*, 2023 WL 3662684, at *4 (finding that "any consequences for the damages apportionment rule to be applied to the case d[id] not affect

4

the extent to which the Court c[ould] grant 'complete relief' to the parties" and thus concluding a defendant could be properly dismissed under Rule 41(a)(1)). Ultimately, "the plaintiff has a right of election as to which defendants plaintiff will proceed against," and here, she chooses to proceed against BMW AG. *Deaton Holdings*, 367 Ga. App. at 749 n.13. Such an election is sufficient to warrant dismissal of BMW of NA under the precedent governing this case.[1]

### B. Interpretation of O.C.G.A. § 51-12-33(b)

Having found dismissal of BMW of NA to be proper, the Defendants seek an interpretation of Georgia's non-party apportionment statute as to "whether or not the statute requires more than one party at the time of trial or at the time of the case's filing." (Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Dismiss, at 6). They contend that the plain language of the statute supports the latter. (*Id.*). In reply, the Plaintiff refutes the Defendants' proposed interpretation of the statute and argues that Georgia precedent supports the former. (Reply Br. in Supp. of Pl.'s Mot. to Dismiss and Amend, at 9–13).

When the Plaintiff filed this lawsuit in 2021, O.C.G.A. § 51-12-33(b) provided as follows:

---

[1] The Plaintiff moves to dismiss BMW of NA pursuant to Federal Rule of Civil Procedure 15, but her motion is also effectively a Rule 41(a)(2) motion for voluntary dismissal of a defendant. *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023) ("Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*." (citation omitted)). For the same reasons as under Rule 15, her motion to dismiss is "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> *Where an action is brought against more than one person* for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person.

O.C.G.A. § 51-12-33(b) (2021) (emphasis added). Under that version of the statute, the Georgia Supreme Court has made clear that apportionment "does not apply to tort actions brought against a single defendant." *Alston & Bird*, 312 Ga. at 359. The court reasoned that the statute's text clearly precluded apportionment in such actions:

> If the General Assembly intended subsection (b) to apply to cases brought against a single defendant, it could have and should have said so, especially when it specified that subsection (a) applied to single-defendant cases. *Compare* O.C.G.A. § 51-12-33(a) ("[w]here an action is brought against *one or more* persons for injury to person or property"), with § 51-12-33(b) ("[w]here an action is brought against *more than one* person for injury to person or property" (emphasis supplied)). The General Assembly chose to exclude single-defendant cases from the scope of subsection (b). And "we must presume that the General Assembly meant what it said and said what it meant."

*Alston & Bird*, 312 Ga. at 358 (citation omitted). Less than a year after the decision, the Georgia General Assembly amended O.C.G.A. § 51-12-33(b) so that apportionment also applies to actions with one defendant. *See* O.C.G.A. § 51-12-33(b) (2022) (effective May 13, 2022).

While correcting the statute to better "advance some of the intentions behind the Tort Reform Act," *Alston & Bird*, 312 Ga. at 358, the General Assembly left another ambiguity, implicated here, in the statute's text. The statute applies when "an action *is brought* against more than one person,"

6

O.C.G.A. § 51-12-33(b) (2021) (emphasis added). But the Georgia Supreme Court declined to opine on whether O.C.G.A. § 51-12-33(b) would apply when "more than one defendant was initially named, [but] only one defendant remained at the time of trial." *Georgia CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718, 740 n.16 (2023).

The Georgia Court of Appeals has held that where a case began with multiple defendants but only had one named defendant when it proceeded to trial, the case was no longer an action brought against more than one person. *Georgia CVS Pharmacy, LLC v. Carmichael*, 362 Ga. App. 59, 72 (2021). At least one court within this district, however, has departed from the Georgia Court of Appeals' holding in *Carmichael*, finding persuasive evidence that the Georgia Supreme Court would conclude otherwise. *Andrews v. Autoliv Japan, Ltd.*, 2022 WL 16753148, at *4 (N.D. Ga. Sept. 30, 2022), *appeal docketed*, 22-13828 (11th Cir. Nov. 16, 2023). The Defendants request an interpretation of the Court's position on "whether or not the statute requires more than one party at the time of trial or at the time of the case's filing." (Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Dismiss, at 6). But they cite no authority requiring the Court to issue such an interpretation. Absent such authority, the Court declines to do so. In both *Carmichael* and *Andrews*, the courts had already entered final judgment in the case, making the issue of apportionment ripe for determination. If and when such a determination becomes ripe in this case, the Court will make it at that time.

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion to Dismiss Defendant BMW of North America, LLC Without Prejudice and to Amend the Consolidated Pretrial Order [Doc. 82] is GRANTED.

SO ORDERED, this ___11th___ day of December, 2023.

_/s/ Thomas W. Thrash_
THOMAS W. THRASH, JR.
United States District Judge
