IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OLIVIAH TISONE,<br><br>    Plaintiff,<br><br>       v.<br><br><br>BAYERISCHE MOTOREN WERKE AG,<br><br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:21-CV-2148 -TWT |

### ORDER

This is a products liability action. It is before the Court on the Defendant's Emergency Motion for a Continuance of the Trial Pending a Ruling From the Georgia Court of Appeals on the Apportionment Question at Issue Here, or in the Alternative for Certification of the Question to the Supreme Court of Georgia [Doc. 105]. The case is set for trial on February 19, 2024. This case arises from a car accident in which the Plaintiff Oliviah Constable was ejected from the passenger seat of a 2013 BMW 328i after the passenger door opened as the car flipped and rolled several times. The Plaintiff brings defective design claims under negligence and strict products liability theories against the Defendant Bayerische Motoren Werke AG. When the Plaintiff filed this lawsuit in 2021, O.C.G.A. § 51-12-33(b) provided as follows:

> *Where an action is brought against more than one person* for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any,

>shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person.

O.C.G.A. § 51-12-33(b) (2021) (emphasis added). Under that version of the statute, the Georgia Supreme Court has made clear that apportionment "does not apply to tort actions brought against a single defendant." *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 359 (2021). *See also Giusto v. Int'l Paper Co.*, 571 F. Supp. 3d 1346, 1363 (N.D. Ga. 2021) ("Under Georgia's substantive apportionment law, 'when only one named defendant is present in the case, OCGA § 51-12-33 (a) controls and provides that damages may only be reduced or apportioned based on the amount of fault assigned to the plaintiff.'") The Georgia Court of Appeals has held that where a case began with multiple defendants but only had one named defendant when it proceeded to trial, the case was no longer an action brought against more than one person. *Georgia CVS Pharmacy, LLC v. Carmichael*, 362 Ga. App. 59, 72 (2021). The Defendant requests a continuance of the trial pending a ruling from the Georgia Court of Appeals in pending cases addressing the apportionment question at issue here, or, in the alternative, for certification of question to the Supreme Court of Georgia. Defendant's request for a continuance is based on nothing more than its hope that the Georgia Court of Appeals will change course on an issue it has already decided on more than one occasion. This is not an adequate basis for continuing the trial. The Defendant's Emergency Motion for a Continuance of the Trial Pending a Ruling From the Georgia Court of Appeals on the

Apportionment Question at Issue Here, or in the Alternative for Certification of the Question to the Supreme Court of Georgia [Doc. 105] is DENIED.

SO ORDERED, this ___12th___ day of February, 2024.

                                                THOMAS W. THRASH, JR.
                                                United States District Judge